ANTHONY V. KOHN, RESPONDENT, v. EDGAR M. TILT ET AL., APPELLANTS.

JOHN A. McCORMICK, RESPONDENT, v. EDGAR M. TILT ET AL., APPELLANTS.

Argued May 26, 1926—Decided October 18, 1926.

> In a review by the Supreme Court, by writ of *certiorari*, of proceedings leading to the dismissal of police officers of a municipality, that court, under statutory provisions, is to determine disputed questions of fact, as well as of law; and where the judgment of that court is supported by a substantial basis of fact, the Court of Errors and Appeals will not, in view of the clear trend of legislation, review the conclusion of the Supreme Court for the purpose of reversing upon an issue of fact.

On appeal from the Supreme Court.

For the appellants, *Benjamin J. Spitz.*

For the respondents, *Weinberger & Weinberger.*

The opinion of the court was delivered by

MINTURN, J.    The prosecutors were police officers in the city of Paterson, and were dismissed from the force after a hearing before the police commissioners of that city. Upon *certiorari* Mr. Justice Black, upon a review of the testimony, upon which the dismissal was based, concluded that the action of dismissal was not warranted by the evidence, and set aside the resolution of dismissal. From that judgment this appeal was taken.

On January 26th, 1926, a certain brewery in Paterson was raided by the police, and Reserve Officers Kohn and McCormick were detailed to guard the place. Two hours thereafter they were relieved by Officer Perry, and thereafter the discovery was made that certain property had disappeared from the brewery. The chief of police thereafter preferred a com-

plaint against the three officers, charging them with neglect of duty. They were tried; Perry was acquitted; but these two prosecutors were found guilty and dismissed from the force.

Upon this appeal we are not concerned with the weight of the testimony, but only with the legal effect to be given to the finding of the Supreme Court justice who reviewed the testimony and reversed the finding of the lower tribunal after such review. It may be observed, however, that the record furnishes no testimony that these prosecutors were aware of the removal of the goods, and upon that fact the Supreme Court justice found no rational basis for the judgment of the commissioners. This court has held in a variety of cases that where the judgment of the Supreme Court, in *certiorari*, is supported by a substantial basis of testimony, we will not review the facts. *Moran* v. *Jersey City*, 58 *N. J. L.* 653; *George* v. *Board of Excise*, 74 *Id.* 816.

This method of procedure has been emphasized by various legislative enactments, designed to enable the Supreme Court justice, upon review, by *certiorari*, not only to review the facts brought up by the writ, but if necessary to take additional testimony when in his judgment the same may be necessary in order to clarify the record, or to further the ends of justice.

In the Revision of 1903 (*Pamph. L.,* p. 346, as amended by *Pamph. L.* 1907, p. 95) the legislature empowered the court where a writ had been granted "to review the proceedings of any special statutory tribunal, or to review the suspension, dismissal, retirement or reduction in rank of any person holding an office or position, state, county or municipal, from which he is removable only for cause, and after trial the court shall determine disputed questions of fact, as well as of law, and inquire into the facts by depositions taken on notice, or in such other manner as is according to the practice of the court."

Prior to that and in 1881 this legislation was substantially enacted, so as to enable the court, upon a review, on *certiorari,* of "the proceedings of any special statutory tribu-

nal to determine disputed questions of fact as well as of law." This was amplified in 1895 (*Pamph. L., p.* 756), to enable the taking of additional testimony. The Revision of 1903, already referred to, as amended by *Pamph. L.* 1907, *p.* 95, practically re-enacts these statutory provisions, the effect of which is to grant to the reviewing tribunal power to review not only the record as returned, but also to supplement such record by the taking of additional testimony, for the manifest purpose of fully and amply disposing of the factual situation, leaving only the legal status thus established for review by this court. Such was the procedure followed in the following cases brought before the Supreme Court and this court for review. *Dubelbeiss* v. *West Hoboken,* 81 *N. J. L.* 98; *affirmed,* 82 *Id.* 683; *Kelly* v. *Police Commissioners,* 85 *Id.* 373.

While the cases, beginning with *Dewault* v. *Camden,* 48 *N. J. L.* 433 (1886), and continuing officially with *Alcutt* v. *Commissioners,* 66 *Id.* 173 (1901), hold it to be within the power of the Supreme Court to declare that it will not review the testimony taken before the lower tribunal, where there is a basis for the determination under review, those adjudications, nevertheless, must, in view of the legislation referred to, be read, so to speak, in *pari materia,* with the statutory power of review thus clearly conferred, not only to review the record brought up, but if need be to take additional testimony for the purpose of administering complete justice, where in the judgment of the court recourse to that procedure may be deemed necessary.

Those adjudications, therefore, are entirely applicable to a situation where, in the judgment of the reviewing court, the record presents a substantial basis for the conclusion reached, but where, as in this instance, in the opinion of the reviewing court, the record is devoid of such substantive testimony, this court will not, in view of the clear trend of legislation, review that conclusion, for the purpose of reversing upon an issue of fact.

This record, therefore, while fruitful of interesting and confusing facts, presents to this court no debatable question

of law which requires us to disturb the finding of the learned court.

The judgments under review, in both cases, will therefore be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, KATZENBACH, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 11.

*For reversal*—None.